IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      CASE NO. 1:88-cr-01007-MP-AK

GREGORY D SANDERS,

    Defendant.

_____/

## **O R D E R**

       This matter is before the Court on Motion for Reconsideration of Sentence by Gregory D. Sanders, Doc. 1314. In this motion, Mr. Sanders argues that the original conviction is void because the superceding indictment on which he was convicted was legally insufficient, and that the district court lacked jurisdiction to sentence him. While Petitioner's motion switches these two arguments back and forth as to which is the first argument and which is the second, the basis for Petitioner's request for relief is fairly clear.

       Specifically, Mr. Sanders complains that the precise amount of narcotics he was alleged to have conspired to distribute was never set out in the indictment (but only found as a fact afterwards), making the indictment insufficient on its face. Echoing the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Mr. Sanders also takes issue with the fact that the precise amount of narcotics attributable to him was found by a preponderance of the evidence by the judge, and not beyond a reasonable doubt by a jury of his peers. Mr. Sanders then argues that because the March 12, 1991 indictment was insufficient by post-*Apprendi* (2000) standards, the court lacked jurisdiction to do anything but dismiss the indictment.

To the extent that this motion is indeed a Motion for Reconsideration, it is unpersuasive because Mr. Sanders' guilty plea obviated any need for the government to prove any fact in the case to a jury beyond a reasonable doubt. It is true that the quantity of a controlled substance is a critical element of the offense under 21 U.S.C. § 841(b). *See U.S. v. Alvarez*, 735 F.2d 461 (11th Cir. 1984). By pleading guilty, however, Mr. Sanders waived any legal defenses, which was explained to him in his colloquy, and he also waived the right to have all elements proven against him beyond any reasonable doubt. Additionally, Mr. Sanders has already attempted to attack the determination of the correct narcotics amounts, in the § 2255 petition that was denied after a lengthy analysis of the drug quantities involved, Docs. 732, 755. Therefore, this Court is not inclined to reconsider the judgment or sentence.

To the extent that this motion is actually a petition for a writ of *habeas corpus*, it is time-barred as having been filed too long after the alleged cause of action arose. Mr. Sanders claims that the *Apprendi* rule (that any fact that raises the statutory maximum must be included in the indictment) applies retroactively to his case (which it does not, not having been made expressly retroactive by the Supreme Court at the time). Mr. Sanders failed, however, to file this motion within one year of that rule being announced. Therefore, under 28 U.S.C. § 2255 (f)(3), even if the *Apprendi* rule were retroactive, this motion would still be time-barred insofar as it is a petition for a writ of *habeas corpus*.

Additionally, Mr. Sanders is not entitled to relief because, as a petition for a writ of *habeas corpus*, this petition is successive to the § 2255 petition filed in 1997, Doc. 609, and has not been certified as required by 28 U.S.C. § 2255(h). 28 U.S.C. § 2255(h) requires that, before filing a successive petition, the applicant move in the appropriate court of appeals for an order authorizing the district court to consider the application (by reference to 28 U.S.C. §

2254(3)(A)). The court of appeals may only authorize the filing of a successive petition if it determines the application makes an appropriate showing, in this case, that the *Apprendi* rule was made expressly retroactive. Mr. Sanders has not moved for an order allowing this Court to consider his successive petition, and this Court may not do so.

Accordingly, Mr. Sanders is not entitled to relief, and this motion is DENIED.

**DONE AND ORDERED** this   *21st* day of December, 2009

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge